UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DOUGLAS F. MORRISON ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL J. ASTRUE,[1] ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) <br> _____ ) | CASE NO. C06-836- RSM-MJB <br><br> REPORT AND <br> RECOMMENDATION |

Plaintiff Douglas Morrison appeals to the District Court from a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his application for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. For the reasons set forth below, it is recommended that the Commissioner's decision be REVERSED and this matter REMANDED for further administrative proceedings.

//

//

//

---

[1] Defendant substituted pursuant to F.R.C.P. 25(d)(1) and 42 U.S.C. § 405(g). Michael J. Astrue became Commissioner of Social Security on February 12, 2007.

I. PROCEDURAL HISTORY

Plaintiff applied for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on April 15, 2004, alleging disability since February 26, 2003, and identifying his impairments as depression and post traumatic stress disorder ("PTSD"). (Tr. 53-55, 79). The Social Security Administration denied Plaintiff's application initially (Tr. 23-25) and upon reconsideration (Tr. 27-28). A hearing was held before Administrative Law Judge ("ALJ") Mary Gallagher Dilley on March 2, 2005. (Tr. 15). Plaintiff, who was represented by counsel, testified at the hearing. (Tr. 315-40). A medical expert ("ME"), Arthur Lewy, Ph.D., and a vocational expert ("VE"), Linda Tanouye, also testified at the hearing. (Tr. 340-59). The ALJ issued an unfavorable decision on September 1, 2005, finding that Plaintiff is able to perform a significant number of jobs in the state and national economies despite his limitations, and thus, he was not under a disability at any time through the date of the decision. (Tr. 19-20). On April 12, 2006, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (Tr. 6-10). Plaintiff timely filed his appeal with this Court.

II. THE PARTIES' POSITIONS

Plaintiff requests that the Court reverse the Commissioner's decision and either remand for payment of benefits or, in the alternative, remand for further administrative proceedings. Plaintiff argues that the ALJ erred by: 1) failing to properly consider the Department of Veteran's Affairs finding of disability; 2) failing to properly consider the opinions of Plaintiff's treating and examining psychiatrists; 3) failing to properly consider Plaintiff's testimony regarding his limitations; 4) improperly determining Plaintiff's residual functioning capacity; and 5) failing to find Plaintiff disabled at step five based on Plaintiff's inability to successfully perform in any competitive employment on a sustained basis. Defendant responds that the

REPORT AND RECOMMENDATION
Page-2

Commissioner's decision should be affirmed because the ALJ applied correct legal standards and supported his decision with substantial evidence.

### III.  STANDARD OF REVIEW

The court may set aside the Commissioner's denial of social security disability benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence is defined as more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Where the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion which must be upheld. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).

### IV.  EVALUATING DISABILITY

The claimant bears the burden of proving that he is disabled. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A).

The Social Security regulations set out a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. *See* 20 C.F.R. § 416.920. At step one, the claimant must establish that he or she is not engaging in any substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the claimant must establish that he or she has one or more medically severe impairments or combination of

impairments. If the claimant does not have a "severe" impairment, he or she is not disabled. *Id.* at § (c). At step three, the Commissioner will determine whether the claimant's impairment meets or equals any of the listed impairments described in the regulations. A claimant who meets one of the listings is disabled. *See id.* at § (d).

At step four, if the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner evaluates the claimant's residual functional capacity and the physical and mental demands of the claimant's past relevant work. *Id.* at § (e). If the claimant is not able to perform his or her past relevant work, the burden shifts to the Commissioner at step five to show that the claimant can perform some other work that exists in significant numbers in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience. *Id.* at § (f); *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999). If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled.

## V. SUMMARY OF THE RECORD EVIDENCE

Plaintiff, who was born in August 1948, was 57 years old at the time of his hearing before the ALJ. (Tr. 18). He has a high school education and has completed two years of college. (Tr. 83). Plaintiff has previously worked as a stage hand. (Tr. 80, 85-86). In his disability report, Plaintiff indicated that his condition limits his ability to work because he has homicidal tendencies and feels unsafe in the work place. (Tr. 80). Other evidence relevant to Plaintiff's claims is incorporated into the discussion below.

## VI. THE ALJ'S DECISION

The ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset of his disability. (Tr. 19). She determined that Plaintiff has the following severe impairments: PTSD and a mood disorder NOS. (Tr. 19). The ALJ found that these impairments

do not meet or equal one of the listed impairments in Appendix 1, Subpart P of the Regulations. (Tr. 19).

The ALJ determined that Plaintiff retains a residual functional capacity without physical limitations. (Tr. 18, 19). Specifically, she found that Plaintiff can perform work that is regular and routine with occasional superficial contact with co-workers and the public. (Tr. 18, 19). Thus, she concluded that Plaintiff is unable to perform his past relevant work. (Tr. 18, 19). In reaching this conclusion, the ALJ found that Plaintiff's allegations regarding his limitations are not entirely credible. (Tr. 16, 19).

At step five, the ALJ determined that Plaintiff has the exertional capacity to perform a full range of work, and he retains the capacity to adjust to work that exists in significant numbers in the national economy, including jobs in building maintenance, furniture repair, and as a caretaker. (Tr. 19). Therefore, the ALJ concluded that Plaintiff was not disabled at any time through the date of the decision and is not eligible for DIB or SSI. (Tr. 19-20).

## VII. DISCUSSION

**A. ALJ's Assessment of Medical Experts' Opinions**

Plaintiff argues that the ALJ failed to give appropriate weight to the opinions of Plaintiff's treating and examining psychiatrists, Dr. Tarver, Dr. Hohenegger, and Dr. Kanter, and the ALJ failed to give reasons for rejecting the medical evaluations of these psychiatrists. The Commissioner contends that the ALJ correctly considered the medical evidence, and the opinions of Plaintiff's treating and examining psychiatrists were consistent with the ALJ's residual functional capacity finding.

Greater weight is given to the treating physician's opinion; however, that opinion is not necessarily conclusive of a physical condition or on the ultimate issue of disability. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). To reject an uncontradicted opinion of a treating

REPORT AND RECOMMENDATION
Page-5

or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may reject it by providing specific and legitimate reasons that are supported by substantial evidence. *Id.; see also Andrews*, 53 F.3d at 1043; *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983).

The ALJ never mentioned Dr. Tarver, Plaintiff's examining psychiatrist, in her opinion. (*See* Tr. 15-20). However, it appears that Dr. Tarver examined Plaintiff once on September 17, 2003. (*See* Tr. 235-37). Dr. Tarver's treatment notes recommend that Plaintiff be assessed for PTSD, describing the plaintiff as a Vietnam War veteran who is angry about the Iraq war, hyper vigilant, and has intrusive memories of Vietnam War experiences. (Tr. 236-37). The record shows that the ALJ appears not to have evaluated Dr. Tarver's opinion or accorded any weight to his opinion.

Additionally, the ALJ did not indicate whether Plaintiff's treating psychiatrist Dr. Kanter's treatment notes conflicted with another doctor's opinion. (Tr. 17). Absent any contradiction, the ALJ must provide clear and convincing reasons for rejecting Dr. Kanter's notes. *See Lester*, 81 F.3d at 830-31. While the ALJ mentioned the treatment notes of Dr. Kanter, she did not state what, if any, weight she accorded to Dr. Kanter's notes. Further, the ALJ did not state whether she accepted or rejected Dr. Kanter's opinion, nor did she provide any reason to support her evaluation of Dr. Kanter's opinion. (Tr. 17). Accordingly, this Court concludes that the ALJ erred in not properly addressing the treatment notes of Dr. Tarver and Dr. Kanter. *See Lester*, 81 F.3d at 830-32; 20 C.F.R. § 404.1527(d)(2).

Finally, the ALJ stated that she would give Dr. Hohenegger's opinion "some weight," but she never stated that Dr. Hohenegger's opinion was contradicted by another opinion, nor did she

provide clear and convincing reasons for rejecting it.[2] The ALJ concluded that Dr. Hohenegger's "assessment was not specific, and the claimant's mental status at examination was intact." (Tr. 17) (internal citations omitted).

When evaluating medical opinions, an ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, or inadequately supported by findings. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). However, after careful review of the record, this Court finds that the ALJ's reason for rejecting Dr. Hohenegger's assessment as conclusory is not supported by the record. Specifically, Dr. Hohenegger wrote two single-spaced pages describing Plaintiff's history prior to military service. (Tr. 201-03). He carefully described what he calls clinically important facts regarding Plaintiff's mental status and evidence of trauma and psychological impact taken from Plaintiff's medical file and from his personal observations. He also explained what impact these symptoms would have on Plaintiff's employability. (Tr. 203-04). Given the specificity of Dr. Hohenegger's assessment, the ALJ's decision was not supported by substantial evidence and was in error. *See Lester*, 81 F.3d at 830-32.

//
//
//

---

[2] Dr. Hohenegger diagnosed Plaintiff with PTSD and depression: intrusive thoughts and recollections that "give rise to periods of anxiety, agitation, sleep disturbance, depression, with history of suicidal ideation and more recent homicidal ideation;" and hyperarousal with "moderate sleep disturbance, moderate to severe irritability in certain social settings, particularly with figures of authority." (Tr. 201-04). He concluded that Plaintiff's present psychological stress would "have a moderate to moderately severe impact on his employability, secondary to primary difficulties in establishing and maintaining motivation, as well as establishing and maintaining appropriate relations in a working environment secondary to periods of anxiety, vulnerability, depression, and *homicidal ideation*." (Tr. 203-04) (emphasis added).

REPORT AND RECOMMENDATION
Page-7

**B. ALJ's Assessment of Veterans Affairs Finding of Disability**

Plaintiff argues that the ALJ improperly rejected the Department of Veterans Affairs ("VA") determination that Plaintiff is disabled. The Commissioner contends that the ALJ properly evaluated the opinion of the VA. An ALJ must give great weight to a VA determination of disability; however, an ALJ may give less weight to a VA disability rating if she gives persuasive, specific, valid reasons for doing so that are supported by the record. *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). A VA rating of disability does not compel an ALJ to reach an identical result, but an ALJ must consider the VA finding in reaching her decision. *Id.* In her decision, the ALJ stated that she would give "very careful attention" to the VA rating;[3] however, she next reasoned,

> Here, the VA assessment is correct in that it finds the claimant's impairments to have some impact on his employability, which is consistent with the vocational testimony below. However, the VA conclusions are not supported by the medical expert testimony in this case, and with the moderate GAF ratings assessed by the VA doctors. As noted below, the vocational expert testimony supports a conclusion that the claimant is not fully unemployable.

(Tr. 18) (internal citations omitted).

The ALJ rejected the VA's finding of disability as not supported by the testimony of the ME, Dr. Arthur Lewy, and that the finding was not supported by the record.[4] (Tr. 17, 341-350). The ME's testimony was the only opinion that conflicted with the VA's determination.

---

[3] On March 19, 2004, the VA determined that Plaintiff was 70% disabled due to his depression and PTSD. (Tr. 184). The VA stated that Plaintiff's current psychiatric condition would impact his employment because Plaintiff suffered from depression, anxiety, and homicidal ideation. (Tr. 185). Six months later, on September 16, 2004, the VA determined that Plaintiff was entitled to individual unemployability because the evidence showed that Plaintiff had a permanent service-connected disability. (Tr. 181-82).

[4] The Commissioner concedes that the ALJ misstates the VA doctor's GAF assessments of 50 as "moderate GAF ratings." (Tr. 18). A GAF rating of 50, however, indicates serious symptoms or any serious impairment in social, occupational, or school functioning. (Dkt. # 10 at 6).

REPORT AND RECOMMENDATION
Page-8

However, the opinion of a non-examining physician, such as the ME, cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician. *Lester*, 81 F.3d at 830-21 (*citing Pitzer v. Sullivan*, 908 F.2d 502, 506 (n.4) (9th Cir. 1990)). Moreover, the record which includes VA findings from both March and September 2004, are based in part upon Dr. Hohenegger's evaluation and the treatment notes of Plaintiff's treating psychiatrist of more than four years, Dr. Kanter. (Tr. 185).

To understand the import of VA disability findings, *McCartey* illustrates:

> Both programs [the VA and SSA] (1) serve the same governmental purpose-providing benefits to those unable to work because of serious disability; (2) evaluate a claimant's ability to perform full-time work in the national economy on a sustained and continuing basis; (3) focus on analyzing a claimant's functional limitations; (4) require claimants to present extensive medical documentation; (5) have a detailed regulatory scheme that promotes consistency in adjudication of claims; and (6) have criteria for evaluating disability that are very specific and translate easily into SSA's disability framework.

*McCartey*, 298 F.3d at 1076. Moreover, Plaintiff has argued that the ALJ never mentioned the VA's September 2004 decision which concluded Plaintiff was unemployable due to a permanent service-connected disability. (Dkt. #9 at 15).

While the Commissioner has provided a number of reasons why the ALJ could have discredited the VA's September 2004 disability rating, a careful review of the ALJ's decision reveals that none of these reasons were provided by the ALJ in her decision. This Court cannot affirm an ALJ's decision that is based upon a rationale that was not stated in the ALJ's decision. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)(citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947)). Plaintiff is correct that the ALJ should have provided reasons for rejecting the September 2004 rating. I conclude that ALJ erred in her reasons for rejecting the VA finding of disability.

//

//

REPORT AND RECOMMENDATION
Page-9

**C. ALJ's Assessment of Plaintiff's Credibility**

Plaintiff argues that the ALJ failed to properly consider his testimony regarding his symptoms and functional limitations while the Commissioner contends that the ALJ correctly evaluated Plaintiff's credibility. If a claimant has established an underlying impairment which reasonably could be expected to produce the alleged substantive complaints and there is no evidence of maligning, the ALJ must provide clear and convincing reasons for rejecting the claimant's testimony. *See Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). In assessing credibility, the ALJ may consider, for example: 1) ordinary techniques of credibility evaluations, such as the claimant's reputation for lying and prior inconsistent statements concerning symptoms; 2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; 3) the claimant's daily activities; and 4) medical evidence tending to discount the severity of subjective claims. *Rollins v. Massanari*, 261 F.3d 853, 856-57 (9th Cir. 2001).

In this case, the ALJ found that Plaintiff's allegations regarding his impairments and limitations are not totally credible "in light of evidence contained in the medical reports and other evidence of record." (Tr. 16). However, after careful review of the record, this Court does not find any inconsistencies between Plaintiff's testimony and the medical reports in the record. The medical reports of Dr. Kanter and Dr. Hohenegger both diagnose Plaintiff with PTSD and depression. (Tr. 190, 201-04). Additionally, Plaintiff's allegations regarding his limitations are supported by Dr. Tarver's treatment notes. (Tr. 235-37). Similarly, Plaintiff's statements regarding his impairments and limitations are supported by the notes of his treating psychiatrist, Dr. Kanter. These treatment notes state that Plaintiff experiences anger dyscontrol, particularly at work, in addition to experiencing sleep disturbances several times a night, bad nightmares, flashbacks during the day, anger about the Iraq war, and an intense feeling that he needs a gun to

REPORT AND RECOMMENDATION
Page-10

protect himself. (Tr. 190, 285, 295, 297, 302). Based upon Dr. Hohenegger's and Dr. Kanter's diagnoses, the ALJ's statement that Plaintiff's allegations are not supported by evidence is not sustained by the record.

In addition, the ALJ did not indicate what aspect of Plaintiff's testimony is not credible, nor did the ALJ articulate what evidence on the record undermines Plaintiff's complaints. General findings are insufficient, rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints. *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The Commissioner has provided a number of reasons why the ALJ could have discredited Plaintiff's testimony. None of these reasons were provided by the ALJ in her decision. This Court cannot affirm an ALJ's decision that is based upon a rationale that was not stated in the ALJ's decision. *Connett*, 340 F.3d at 874 (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947)). This claim of error is sustained.

**D. Plaintiff's Remaining Claims and Remand for Further Administrative Proceedings**

The Plaintiff argues that the ALJ improperly determined Plaintiff's RFC. Having found that the ALJ committed error as discussed above, the Court agrees that the RFC must be reassessed at step four and if necessary, the ALJ should proceed to step five to determine whether Plaintiff can perform substantial work in the national economy.

Finally, Plaintiff argues that when an ALJ fails to give legally adequate reasons for rejecting the testimony of a plaintiff or the opinion of a treating or examining physician, the opinion must be credited as a matter of law. *See Lester*, 81 F.3d at 834. Plaintiff urges the Court to exercise its discretion and remand this case for payment of benefits rather than for further administrative proceedings.

The Ninth Circuit case law indicates that remand for further proceedings is appropriate

REPORT AND RECOMMENDATION
Page-11

where enhancement of the record is useful. *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004); *see also Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). *Benecke* states that evidence should be credited and an immediate award of benefits directed when:

> 1) the ALJ has failed to provide legally sufficient reasons for rejecting the evidence; 2) there are no outstanding issues that must be resolved before a determination of disability can be made; and 3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Benecke*, 379 F.3d at 593(citing *Harman*, 211 F.3d at 1178); *but cf. Connett v. Barnhart,* 340 F.3d 871, 876 (9th Cir. 2003)(holding that the Ninth Circuit retains flexibility in applying the "credited as true" theory).

In this case, even if the testimony of Plaintiff and Plaintiff's psychiatrists were credited as true, it is unclear whether Plaintiff can be found disabled. Plaintiff's own description of his limitations, even if credited as true, do not require a finding that he is unable to perform any work. While Dr. Kanter, Dr. Tarver, and Dr. Hohenegger are uncontradicted in finding Plaintiff's condition of PTSD as limiting, the VA's final determination characterized Plaintiff as having "moderately severe impact on employability. Tr. 269. This language is not sufficiently precise in terms of the SSA. Additionally, with the benefit of a revised RFC, the testimony of a vocational expert would properly assess under SSA requirements. The Court should remand for further proceedings rather than payments of benefits.

//

//

//

REPORT AND RECOMMENDATION
Page-12

# VIII.  CONCLUSION

The Commissioner's determination to deny Plaintiff Disability Insurance Benefits and Supplemental Security Income contains legal errors and is not supported by substantial evidence. Based on the record evidence, the undersigned recommends that the Commissioner's decision be REVERSED and REMANDED for further administrative proceedings.  A proposed Order accompanies this Report and Recommendation.

DATED this 26th day of March, 2007.

_____
MONICA J. BENTON
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page-13